# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BRYAN KANU,

        Plaintiff,

v.

SIEMENS PLM, et al.,

        Defendants.

Case No. 1:18-cv-38

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This is the fourth – and hopefully last - Report and Recommendation ("R&R") the undersigned has filed in this now-closed case. For the reasons that follow, Plaintiff's latest attempt to revive his case through a legally frivolous post-judgment motion should be denied.[1]

**I.    Background**

More than a year ago, on January 19, 2018, Plaintiff filed two motions seeking leave to file two separate complaints in this Court *in forma pauperis*, or without payment of the requisite filing fee that is ordinarily required to file a case in this court.[2] (Doc. 1). On January 29, 2018, the undersigned conditionally granted Plaintiff leave to initiate both cases *in forma pauperis*, but simultaneously issued an order requiring Plaintiff to "show cause" why his *in forma pauperis* status should not be revoked and denied. Additionally,

---

[1] Based upon the frivolous nature of the motion, the undersigned finds no need to await any response by the Defendants prior to issuing this R&R.
[2] A second case was opened as *Kanu v. Seimens PLM Software*, Case No. 1:18-cv-37.

the undersigned filed a Report and Recommendation in each of the two cases recommending that the initial complaints be dismissed, without prejudice to refile a first amended complaint to correct the glaring deficiencies of the related complaints.

On February 5, 2018, Plaintiff filed responses to the "show cause" orders issued in each of the two cases, as well as amended complaints in both cases that purported to cure the fatal deficiencies of the initial complaints. On February 8, 2018, the undersigned recommended that the prior conditional grant of Plaintiff's *in forma pauperis* status be revoked, and that Plaintiff be required to pay the requisite $400 filing fee in order to proceed in this Court. (Doc. 8). The Supplemental R&R further concluded that Plaintiff's first amended complaint failed to allege sufficient factual content to state a plausible discrimination claim. (*Id.* at 6). Notably, the undersigned filed virtually the same Supplemental R&R in Case No. 1:18-cv-37.

Shortly after the Supplemental R&R was filed in both cases, the otherwise parallel proceedings diverged on slightly different paths. In Case No. 1:18-cv-37, the presiding district judge adopted the Supplemental R&R on July 31, 2018, thereby terminating that case. (*See id.*, at Doc. 12). Plaintiff's motion for leave to appeal *in forma pauperis* to the Sixth Circuit was denied, first by this Court, and subsequently by the Sixth Circuit Court of Appeals on grounds that there was "no non-frivolous basis on which to appeal the district court's dismissal of Kanu's amended complaint." (*Id.*, at Doc. 18 at 3; *see also* Case No. 1:18-cv-37, Doc. 17). In Case No. 1:18-cv-38, the Supplemental R&R remained pending.

While the February 2018 Supplemental R&R in this case remained pending, Plaintiff filed both objections to that R&R and a second amended complaint. (Doc. 11).

2

Six months later, on August 8, 2018, Plaintiff filed a motion seeking leave to file a third amended complaint. In the August 2018 motion, Plaintiff acknowledged that he previously attempted to file a second amended complaint in Case No. 1:18-cv-37, but that Judge Black "ordered Plaintiff's 2nd Amended Complaint…to be stricken from the record because the complaint was not 'filed with leave of court pursuant to Rule 15(a)(2).'" (Doc. 12 at 1). Plaintiff explained that he sought leave to file a third amended complaint in the above-captioned case in order to avoid the same procedural bar in this case.

On December 10, 2018, the undersigned filed a third R&R that recommended denying his motion for leave to file a third amended complaint. As the undersigned stated then:

> Regardless of Plaintiff's attempt to cure his procedural error by filing another motion seeking leave to amend, the undersigned continues to find both the second and third proposed amendments to Plaintiff's complaint to be deficient for all the reasons previously stated in the Supplemental R&R filed more than a year ago, on February 8, 2018. In addition, as previously explained, Plaintiff's *in forma pauperis* status should be revoked. Last but not least, justice simply does not require this Court to permit a pro se plaintiff unlimited opportunities to amend his complaint, in hopes of eventually stating some claim.

(Doc. 13). Plaintiff again filed formal Objections to that R&R. However, on February 20, 2018, the presiding district judge filed an order that – consistent with Case No. 1:18-cv-37, struck Plaintiff's second amended complaint as procedurally improper, overruled all of Plaintiff's objections, and adopted for the opinions of the Court both the February 2018 R&R and the third R&R filed in December 2018 "in their entirety." (Doc. 16 at 2). As a result, this case was closed and terminated on the Court's docket as of February 20, 2019.

3

Seeking relief from the Court's final order, Plaintiff has filed a "Motion for Relief re Clerk's Judgment," citing Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.

**II.     Analysis Under Rules 59(e) and/or 60(b)**

Plaintiff acknowledges that "Rule 59(e) is not an opportunity to re-argue a case," *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (internal citation omitted), and claims to understand that legal principle. (*See* Doc. 18 at 1-2). However, his arguments that relief is required to correct a "clear error of law" or "to prevent manifest injustice" belie that understanding. In adopting the last two R&Rs filed by the undersigned and overruling Plaintiff's objections thereto, the presiding district judge held that the objections "failed to offer any substantive, persuasive argument that the allegations of his proposed [third] Amended Complaint state a plausible right to relief." (Doc. 16 at 2; *see also id.* at n.1, discussing second amended complaint). Plaintiff's present motion argues that the Court got it wrong, and did not fairly evaluate his amended complaint(s), in light of his allegations concerning telecommunications fraud as the underlying unlawful act of the alleged violation of Ohio's conspiracy laws.

Plaintiff further argues that he exercised "due diligence" in seeking leave to amend multiple times, and that it therefore was "manifestly unjust" for the Court to have denied his request to further amend. Last, Plaintiff asserts that this Court failed to address "the Defendants' Duties of Care, the Foreseeability of Injury & the Breaches of Duty to Plaintiff" based upon an alleged claim of negligence under Ohio law. (Doc. 18 at 4-5).

The prior three R&Rs in this case, adopted for the opinions of this Court, speak for themselves. Plaintiff's initial complaint was dismissed based upon a failure to comply with Rule 8, but he was expressly permitted leave to amend. (Doc. 4). Unfortunately for

Plaintiff, his first amended complaint also was determined "to be fatally deficient because it fail[ed] to state any claim against any Defendant…." (Doc. 8 at 2). The second R&R recommended dismissal <u>with prejudice</u>, and that Plaintiff "not be permitted to further amend at this time" based upon the Plaintiff's failure "to cure the obvious and fatal deficiencies" and continued failure to state any claim in his amended complaint. (*Id.*) The second R&R contained extensive analysis of all of Plaintiff's allegations, including allegations of negligence, breach of contract, and conspiracy. (*See generally*, Doc. 8 at 6-14). The third R&R reiterated that "the undersigned continues to find both the second and third proposed amendments to Plaintiff's complaint to be deficient for all the reasons previously stated…." (Doc. 13 at 3). The Court concluded that "justice simply does not require this Court to permit a pro se plaintiff unlimited opportunities to amend his complaint, in hopes of eventually stating some claim." (*Id.*) All of Plaintiff's objections to the R&Rs were overruled. (*See* Docs. 10, 15, 16).

Plaintiff's present motion presents a classic example of an attempt to relitigate issues that were fully considered and decided in a manner adverse to him. The fact that Plaintiff continues to believe that this Court should have ruled in his favor is not grounds for Rule 59(e) relief. Plaintiff's recourse, if any, lies in the Court of Appeals.[3]

Other than in the introductory paragraph of his motion, Plaintiff's post-judgment motion does not refer to Rule 60(b). "As with a Rule 59(e) motion, a party may not use Rule 60(b) 'as an occasion to relitigate its case.'" *Michigan Department of Environmental Quality v. City of Flint*, 296 F.Supp.3d 842, 846 (E.D. Mich., 2017) (quoting

---

[3] As stated, Plaintiff's *in forma pauperis* status was revoked by this Court based upon a lack of indigency. In addition, this Court certified that pursuant to 28 U.S.C. § 1915(a), an appeal would not be taken in good faith, although Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.

5

*General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004)). Therefore, Rule 60(b) also fails to provide any basis for reopening this case.

### III.   Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiff's post-judgment motion for relief from judgment, for reconsideration, and/or to reopen this case (Doc. 18) be **DENIED.   IT IS FURTHER RECOMMENDED THAT** because the instant post-judgment motion is legally frivolous and additional post-judgment motions in this closed case would present an undue burden on scarce legal resources, any further post-judgment motions filed by Plaintiff before this Court should be summarily denied without review on the merits.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BRYAN KANU,

   Plaintiff,

 v.

SIEMENS PLM, et al.,

   Defendants.

Case No. 1:18-cv-38

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).