# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

BRYAN KANU
  PLAINTIFF

-vs-

SIEMENS PLM, ET. AL.,
  DEFENDANTS

Case No. 1:18-CV-38

**J. T. Black**
**M.J. S. K. Bowman**

**Plaintiffs Motion to Amend the Court's Findings & Conclusions, & Judgement**

---

### I. Relief Sought

Pursuant to Fed. R. of Civ. P. 52(b) the Plaintiff respectfully requests this Court to *amend* its findings and conclusions, and thereby *amend* its judgement entry accordingly.

### II. Specific Amendment Sought

In particular, the Plaintiff seeks an amendment from the court with regard to the Court dismissing Plaintiff's Amended Complaint (Doc. 6) *with prejudice* for failure to state a claim under federal law. Plaintiff requests for the Court to amend their judgement so that the dismissal is *without prejudice.*

### III. Justification

Plaintiff asks the Court to amend its judgement and findings on the grounds that dismissal with prejudice would unfairly preclude the plaintiff from recovering from the defendants under theories of fraud, conspiracy to commit fraud, & respondeat superior well before the the four year statute of limitations for fraud have run out. Under R.C. 2305.09, an action for fraud "shall be brought within four years after the cause thereof accrued." The statute further provides that the cause of action does not accrue "until the fraud is discovered."

1

### A.  *Fraud & Conspiracy to Commit Fraud*

Under Ohio law, common law fraud requires proof of the following elements: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Schmitz v. Natl. Collegiate Athletic Assn.*, 2016-Ohio-8041 at ¶40, citing *Russ v. TRW*, Inc., 59 Ohio St.3d 42, 49, 570 N.E.2d 1076 (1991).

Plaintiff asks this court to agree that amending its judgement is proper for the following reasons: (a) Kettil Cedercreutz made a representation[1] to the Plaintiff that was (b) material to the transaction at hand[2] that was (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading the Plaintiff into relying upon the false representation (e) that the Plaintiff justifiably relied upon (f) resulting in the Plaintiff's pain and suffering and inability to have his issues with certain University of Cincinnati faculty members brought to the attention of the board of trustees, whose

---

[1] That Todd Foley was the person in charge of receiving reports of employee misconduct after the Plaintiff asked Cedercreutz the following: "What does the Provost do in regards to the division of Professional Practice? Are you the person that supervises the co-op advisors?"; to which Cedercreutz replied: "Asst. Dir Todd Foley is responsible for this sector. I am forwarding your mail to him. Best wishes, Kettil".

[2] Plaintiff being able to report the employee misconduct to the board of trustees, who have the sole authority, pursuant to R.C. 3345.21 to regulate "the conduct of the...faculty...so that law and order are maintained and the college or university may pursue its educational objectives and programs in an orderly manner." "The board of trustees of...[the] [U]niversity [of Cincinnati] shall adopt rules for the conduct of the...faculty...and staff, and may provide for the ejection from...university property, suspension or expulsion of a person who violates such regulations." *Id.*

goal is to protect students from faculty misconduct as a means of furthering the University's "educational objectives" and maintaining law and order.

Plaintiff will not go into the details of the fraud conspiracy in this motion to amend the judgement because the purpose of this motion is not to re-litigate issues. It is to seek amendment of a judgement that appears to be contrary to law.

## B. Engaging in A Pattern of Corrupt Activity

Similar to the statute of limitations for fraud, the statute of limitations for an action brought seeking relief from a person engaging in the affairs of an enterprise through a pattern of corrupt activity has not expired. "Notwithstanding any other provision of law providing a shorter period of limitations, a civil proceeding or action under this section may be commenced at any time <u>within five years after the unlawful conduct terminates</u> or the cause of action accrues or within any longer statutory period of limitations that may be applicable."[3] If the Plaintiff can prove by clear and convincing evidence that the defendants proximately caused his injuries by engaging in, or conspiring to engage in the affairs of Siemens PLM, and/or the University of Cincinnati, he would be entitled to recover for those injuries.

The Plaintiff is in possession of evidence to show that Boyd devised a scheme to defraud the Plaintiff, and then subsequently caused multiple emails on different days (so as to not be a single event) to be sent via interstate wires in furtherance of that scheme. The Plaintiff is also in possession of evidence to show that that Cedercreutz cooperated with Boyd's plan to defraud the Plaintiff, providing him with false information in order to

---

[3] R.C. 2923.34(J)

obstruct the Plaintiff from causing Cooper and Elliot to be discovered for conspiring (with Boyd) to engage in the affairs of the University of Cincinnati and Siemens PLM through a pattern of corrupt activity. The Plaintiff still has time to make those allegations, and this court has to correct its prejudicial judgement because it is contrary to Ohio law with regard to the statute of limitations. Barring recovery with prejudice is also plainly contrary to R.C. 2923.34(A), which states that, "Any person who is injured or threatened with injury by a violation of section 2923.32[4] of the Revised Code may institute a civil proceeding in an appropriate court seeking relief from any person whose conduct violated or allegedly violated section 2923.32 of the Revised Code or who conspired or allegedly conspired to violate that section[.]" This Court must agree that if Plaintiff can prove, through clear and convincing evidence, that Cederecreutz intentionally harassed the Plaintiff, and thereby delayed, hindered, and/or prevented him from seeking the arrest of Felicia Boyd in connection with <u>allegations</u> of wire fraud, he would be entitled to relief for the injuries resulting from that harassment under R.C. 2923.34. <u>This court must also agree that a dismissal with prejudice is highly inappropriate where the applicable statute of limitations have not run out</u>.

### IV. Conclusion

---

[4] "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity[.]" *R.C. 2923.32(A)*. "'Corrupt activity' means engaging in, attempting to engage in, conspiring to engage in, or soliciting...another person to engage in any of the following:... Conduct defined as "racketeering activity" under the 'Organized Crime Control Act of 1970,' 84 Stat. 941, 18 U.S.C. 1961 (1)(B); .Conduct constituting any of the following:...2913.05" *R.C. 2923.31(I)*.

4

For the foregoing reasons Plaintiff asks the Court to amend its findings and judgement accordingly so that the dismissal of the amended complaint is ***without prejudice***, so as not to arbitrarily shorten the applicable statute of limitations.

Respectfully submitted,

s/ Bryan Kanu
2663 Wendee Dr. Apt. 1919
Cincinnati, Ohio 45238
bryan.kanu18@gmail.com